# EXHIBIT A

## IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA

**JOHNTAVIA LATRICE CARTER,**

    **Plaintiff,**

v.                                                                          **CASE NO:**

**EQUIFAX INFORMATION SERVICES, LLC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, **Johntavia Latrice Carter** ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, **Equifax Information Services, LLC.** ("**Equifax**"), and in support thereof, states the following:

## PRELIMINARY STATEMENT

1. This is an action for damages that exceeds $8,000 but are less than $50,000, exclusive of attorney's fees and cost, brought by Plaintiff against Defendant, Equifax, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and Fla. Stat. § 34.01.

3. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fla. Stat. § 48.193.

4. Venue is proper in Manatee County, Florida, pursuant to Fla. Stat. § 47.051, because the acts complained of were committed and/or caused by the Defendant therein.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Manatee

County, Florida.

6.    Plaintiff is a Consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

7.    Defendant Equifax is a Georgia Limited Liability Company, with a principal place business address of 1550 Peachtree St NW Atlanta, GA 30309.

8.    Defendant Equifax is registered to conduct business in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

9.    Defendant Equifax is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### First, A Quick Background on Credit Reporting

10.    Credit reporting is a fact of modern life.

11.    Plaintiff, like other consumers in America, has no choice on whether private companies such as Defendant Equifax maintain and sell credit reports on Plaintiff to other companies typically known as "users" of credit reports[1].

12.    Plaintiff's sole comfort is to know any such reporting must be done accurately and

---

[1] There are some technical differences in consumer reports and consumer disclosures but in this Complaint, Plaintiff will use the common industry term of "credit report" which is also used in the official site to pull your free reports at www.AnnualCreditReport.com that the Federal Government forced the three credit bureaus -- Equifax, Experian, and Trans Union –to setup for consumers.

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

completely.

13.    Defendant is not allowed to report false information.

14.    Defendant is not allowed under the law to report incomplete information.

15.    Congress passed the FCRA and specifically stated in Section 1681(a)(4) that "There is a need to insure that consumer reporting agencies exercise their **grave responsibilities** with fairness, impartiality, and a respect for the consumer's privacy." (Emphasis added).

### The Dispute Method of Correcting False/Incomplete Information Under The FCRA

16.    When a consumer, such as Plaintiff, realizes there is false or incomplete information on their credit reports or consumer disclosures, Plaintiff has the right to dispute this with Defendant Equifax.

17.    The consumer simply disputes (verbally by phone, online, by fax, or by mail) to Defendant Equifax and request an investigation of information so that the information will be corrected (if possible) or deleted.

18.    Defendant Equifax must notify the furnisher of the dispute within the time limits set forth by the FCRA.

19.    If Defendant Equifax does not notify the furnisher as required by the FCRA this is a violation of the FCRA by Defendant Equifax.

20.    Defendant Equifax must do its own reasonable investigation into the dispute which include examining all the information Defendant Equifax has or can reasonably obtain to assist in the investigation.

21.    Defendant Equifax must correct inaccurate or incomplete information or delete the account if the account is found to be inaccurate or incomplete or cannot be verified for accuracy.

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

## The Account at Issue

22.    Plaintiff disputed an account on her Equifax credit report. Despite this dispute, Equifax failed to ensure the accuracy or completeness of the information and did not delete the erroneous entries from Plaintiff's credit report.  The disputed account is as follows:

- **CAPITAL ONE BANK USA NA** (Account No. ************4142) (the "**Account**").

## Personal Information

23.    Plaintiff disputed her personal information as reported on her credit report and provided the correct and only information that should be listed on her credit report. The disputed information included her name, date of birth, social security number, address, and telephone number as it should appear on her credit report.

## Plaintiff Disputed Errors But The False/Incomplete Information on The Account was Not Corrected or Deleted By Defendant Equifax

24.    On or about March 30, 2025, Plaintiff sent Defendant Equifax a written dispute letter related to the Account. *See* **Exhibit "A" (Redacted Dispute Letter)**.

25.    The errors were clearly spelled out for Defendant Equifax to understand the nature of the errors.

26.    The errors consisted of inaccurate information and incomplete information as to the Account.

27.    Defendant Equifax received the letter on or about April 3, 2025. (Tracking No. 9405530109355126057305).

28.    Plaintiff did not receive a response from Defendant Equifax in response to the March 30, 2025 letter.

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

## Plaintiff Disputed Errors Regarding Her Personal Information But the False/Incomplete/Inaccurate Personal Information Was Not Corrected or Deleted By Defendant Equifax

29.    On or about March 30, 2025, Plaintiff sent Defendant Equifax a written dispute letter related to her personal information. *See* **Exhibit "A" (Redacted Dispute Letter)**.

30.    Plaintiff provided the only and correct information that should be listed as her personal information on her credit report.

31.    The correct information as it should be listed was clearly spelled out for Defendant Equifax.

32.    Defendant Equifax received the letter on or about April 3, 2025. (Tracking No. 9405530109355126057305).

33.    Plaintiff did not receive a response from Defendant Equifax in response to the March 30, 2025 letter.

## Defendant Equifax's Investigations (If Any) Violate The FCRA as Each Investigation was Done Negligently and Intentionally Or Recklessly or In Wanton Disregard Of Plaintiff and The FCRA

34.    The disputes were simple – the specific inaccurate and incomplete information (and information that could not be verified) were identified for the Account.

35.    The disputed incomplete and/or inaccurate personal information was spelled out and provided very clearly to Defendant Equifax.

36.    Defendant Equifax knew it was not allowed to report incomplete or inaccurate information or information that could not be verified but it did so anyway.

37.    These fundamental rules of credit reporting, as applied to Plaintiff's Account and personal information, were ignored, intentionally, recklessly, and/or negligently, by Defendant Equifax.

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

38.     Had Defendant Equifax looked in even the most cursory way at the dispute, it would have seen that the errors were obvious, and the Account and personal information would have been corrected or deleted.

39.     Defendant Equifax failed to correct or delete the Account and/or inaccurate/incomplete personal information.

40.     All actions of Defendant Equifax fall woefully short of the requirements of the FCRA for Defendant Equifax to do a reasonable investigation.

41.     If Defendant Equifax had performed even a negligent investigation, it is more likely than not that the false, inaccurate, and/or incomplete information would have been corrected and/or deleted from Plaintiff's credit report.

42.     A reasonable investigation would have certainly resulted in the correction or deletion of the Account and/or inaccurate/incomplete personal information as the information related to the Account consisted of data directly from the credit reports produced by Equifax, and Plaintiff provided Defendant Equifax with documentation and information to correct the Account and her personal information.

43.     The Account and personal information were described in detail, the errors were described in detail showing in words and in markings on the credit report pages (included with the dispute letter) the missing (incomplete) information, and the contradictory information and it was obvious to Defendant Equifax what needed to be done but it refused to reasonably investigate the Account and corrective personal information.

44.     Defendant Equifax has refused to invest the time, money, and effort to carry out its federally mandated duties of investigation.

45.     Defendant Equifax negligently, recklessly, wantonly and/or willfully violated the

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

requirement of reasonable investigation as required under the FCRA.

46. The result is that obviously wrong, inaccurate, and/or incomplete, the Account and personal information were allowed to stay on Plaintiff's credit reports. *See* **Exhibit "B" (Plaintiff's Redacted June 10, 2025 Credit Report).**

47. Defendant Equifax has continued to report, even after its wrongful investigation, the Account and personal information, thus failing to use all reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports.

48. Defendant Equifax has allowed users to access Plaintiff's credit reports before the dispute, during the dispute time period, and even after the investigations (if any) by Defendant Equifax were concluded.

49. Certainly, after Plaintiff notified Defendant Equifax, it knew that the Account and personal information should not and could not remain on Plaintiff's credit reports unless corrected.

50. But Defendant Equifax refused not only to properly investigate under Section 1681i but also refused to remove the Account and incomplete and/or inaccurate personal information under Section 1681e(b) which is the maximum possible accuracy Section of the FCRA.

51. By allowing the Account to remain on Plaintiff's credit reports with the inaccurate, incomplete, unverifiable and/or contradictory information, Defendant Equifax created and allowed misleading information which would more likely than not mislead users of Defendant Equifax reports to believe the Account was properly being reported and should be considered when evaluating Plaintiff for whatever purpose the users had when accessing Plaintiff's credit reports when in fact the Account was required by law to be delete when Defendant Equifax decided to allow the Account to have inaccurate, incomplete, unverifiable and/or contradictory information.

52. By allowing the personal information to remain on Plaintiff's credit reports with

the inaccurate, incomplete, unverifiable and/or contradictory information, Defendant Equifax created and allowed misleading information which would more likely than not mislead users of Defendant Equifax reports to believe this information was properly reported and should be considered when evaluating Plaintiff for whatever purpose the users had when accessing Plaintiff's credit reports when in fact the disputed personal information was required by law to be delete when Defendant Equifax decided to allow the disputed personal information to remain inaccurate, incomplete, unverifiable and/or contradictory on Plaintiff's credit reports.

53.    The FCRA is clear that an Account with inaccurate, incomplete, unverifiable and/or contradictory information is not allowed to remain on the credit reports in a similar manner that obsolete account (even if they belong to the consumer) are not allowed to remain on reports after the time period allowed by the FCRA.

54.    The FCRA is also clear that personal information with inaccurate, incomplete, unverified and/or contradictory information is not allowed to remain on the credit reports.

55.    Defendant Equifax caused an inaccurate and misleading picture to appear of Plaintiff to users of reports by Defendant Equifax when Defendant Equifax refused to correct or delete the Account and/or personal information at issue.

### Defendant Equifax Refused To Provide Plaintiff With a Full File Disclosure as Required by Section 1681g of the FCRA

56.    Plaintiff requested Plaintiff's full file disclosure under Section 1681g of the FCRA.

57.    The full file disclosure is more than what is provided in a consumer report or a credit report – it is all the information the credit bureau has on the consumer.

58.    But Defendant Equifax refused to give this to Plaintiff.

59.    The law is very simple under Section 1681g – provide everything to Plaintiff that is in Plaintiff's file.

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

60.    Defendant Equifax knew Plaintiff had requested this information and had identified who the Plaintiff was and requested the file be sent to Plaintiff's home address.

61.    Defendant Equifax refused to provide all the data contained in its files.

62.    For example, there is an account with missing data, even though Defendant Equifax has this data, incomplete/inaccurate home address information, even though this information was provided to Defendant Equifax, and missing data from the personal information listed for Plaintiff, although Defendant Equifax was provided with this information.

63.    Defendant Equifax has deprived Plaintiff of Plaintiff's right to see everything in Plaintiff's file that is required to be provided to Plaintiff under Section 1681g.

64.    Without having access to all the information in Plaintiff's file, Plaintiff is unable to determine if there is additional inaccurate/incomplete information that Plaintiff needs to dispute had Plaintiff been given the full file as required by law.

## Defendant Equifax Refused to Accept Plaintiff's Consumer Statement As Required By Section 1681i

65.    Plaintiff specifically requested, as is Plaintiff's right under Section 1681i, a statement to be added to the Plaintiff's consumer file about the inaccurate and incomplete data on the Account.

66.    Defendant Equifax refused to do this.

67.    Defendant Equifax has no right to do this as Plaintiff met the requirements under Section 1681i.

68.    Defendant Equifax refused to explain to Plaintiff why Defendant Equifax is violating the law in this manner.

## Missing Original Creditor

69.    Despite a requirement to disclose all information in their credit file at the time of

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

the request, Defendant Equifax's Disclosure omitted significant amounts of information contained in the credit file.

70.    Plaintiff's Equifax Disclosure contains a debt buyer account appearing from Portfolio Recovery Associates ("Portfolio"). *See* **Exhibit "B."**

71.    Portfolio is a Debt Buyer - a company whose primary purpose is the purchase and collection of debts which were originally owed to third parties.

72.    Portfolio does not lend to consumers, they were *never* an *Original Creditor*.

73.    When disclosing the tradeline to Plaintiff, Defendant Equifax did not provide the name of the Original Creditor, although the account was notated as a Deby Buyer Account.

## Missing Account Number

74.    Making matters even more confusing for Plaintiff, Defendant Equifax omitted the full account number relating to the Portfolio Account.

75.    Upon information and belief, this data furnisher reported the full account number belonging to its respective account to Defendant Equifax, and this information was contained within Defendant Equifax's file regarding Plaintiff at the time of the request.

76.    When Defendant Equifax produces and sells reports regarding Plaintiff to third parties, the full account numbers and names of the original creditors are included in its reports.

77.    The accuracy of Defendant Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

78.    Having a duty to disclose *all of the information* regarding the account in Plaintiff's file, Equifax breached its duty by failing to provide the account number and original creditor's name, as such information is necessary for a consumer to be able to research and evaluate the information contained in their credit file.

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

79.    Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

80.    Upon information and belief, the aforementioned data furnisher reported the full account number to Defendant Equifax, and this information was contained within Defendant Equifax's file on Plaintiff at the time of the request for their consumer disclosure, and this information should have been updated on Plaintiff's credit reports.

81.    Due to widespread systemic problems, Defendant Equifax's automated systems omits all but the last two or four account numbers reported by data furnishers that have a reported current payment status of collection accounts, charge off accounts, and to many other types of accounts.

82.    Defendant Equifax knows of this error but, despite such knowledge, has yet to correct it.

83.    The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

84.    The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

85.     The lack of accurate, full account number information has caused Plaintiff great frustration and emotional distress when trying to understand their credit report and verify it against their own records.

86.     Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." *See* **Exhibit "C" (Opinion Letter).**

87.     Defendant Equifax's omission of the original creditor and full account number greatly decreases a consumer's ability to understand their consumer credit information, identify the account(s), and compare those account(s) with their own records.

88.     The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("**CDIA**"), a trade association representing the CRAs, including Equifax, states that:

> "**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent." (**Emphasis original.**)

> *See* **Exhibit "D" (Credit Reporting Resource Guide).**

89.     The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

90.     Upon information and belief Portfolio complied with the *Credit Reporting Resource Guide* and reported the name of the true original creditor of its reported account.

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

**Damages Suffered By Plaintiff Due To The Actions of Defendant Equifax**

91.     Plaintiff has suffered actual damages because of these illegal actions by Defendant Equifax in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions (and Plaintiff had physical manifestations of such emotions), damage to credit, economic loss, as well as suffering from unjustified and abusive invasions of personal privacy. All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future.

92.     All actions (and omissions) by any employee or agent of Defendant Equifax were taken in the line and scope of such employment or agency.

93.     Plaintiff has hired the undersigned counsel to represent Plaintiff in this matter and has assigned to them the right to obtain reimbursement for reasonable fees and costs.

## COUNT 1
## EQUIFAX'S WILFUL VIOLATIONS OF THE FCRA

94.     Plaintiff adopts and incorporates paragraphs 1-93 as if fully stated herein.

95.     On at least one occasion within the past year, by example, and without limitation, Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

96.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

97.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

98.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate, incomplete, and/or unverified information.

99.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to the Plaintiff all information in the Plaintiff's consumer file at the time of the request.

100.    Plaintiff notified Defendant Equifax directly of a dispute on the Account completeness and accuracy.

101.    Plaintiff's credit reports from Defendant Equifax were repeatedly accessed prior to the dispute and after the dispute and any investigation by users of Plaintiff's credit reports.

102.    These users obtained copies of Plaintiff's credit reports containing the false, incomplete, and unverified information about the Account and/or personal information because Defendant Equifax refused to correct or delete the Account and/or personal information.

103.    Plaintiff alleges that at all relevant times Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the Account in question, as well as the disputed personal information, violating 15 U.S.C. § 1681e(b).

104.    Defendant Equifax did not properly notify the Account furnisher of the dispute as required by the FCRA and this violates 15 U.S.C. § 1681i or alternatively, Defendant Equifax did notify the Account furnisher; Plaintiff Pleads this alternatively as only Defendant Equifax knows if it followed the law, and this will come out in discovery.

105.    Defendant Equifax failed to investigate, failed to delete information found to be inaccurate or incomplete, reinserted the information without following the FCRA, and/or failed to

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

properly investigate Plaintiff's disputes in violation of 15 U.S.C. § 1681i and this was done wantonly and/or willfully.

106.    Plaintiff's credit reports from Defendant Equifax were accessed by users of Plaintiff's credit reports after the investigation (if any) by Defendant Equifax.

107.    These users obtained copies of Plaintiff's credit reports containing the false, incomplete, and unverified information about the Account because Defendant Equifax refused to correct or delete the Account and/or disputed personal information.

108.    Plaintiff alleges that Defendant Equifax failed to conduct a proper and lawful reinvestigation.

109.    Defendant Equifax made the disputed information even more inaccurate and/or incomplete instead of increasing the accuracy and completeness of it.

110.    Defendant Equifax refused to add Plaintiff's consumer statement to Plaintiff's file.

111.    Plaintiff requested Plaintiff's file disclosures, but Defendant Equifax refused to give Plaintiff the full file disclosure as required by the FCRA.

112.    Defendant Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

113.    Defendant Equifax failed to conduct a reasonable investigation and reinvestigation.

114.    Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.

115.    Without any explanation or reason, Defendant Equifax continues to report this unverifiable, inaccurate, or otherwise incomplete information, about Plaintiff.

116.    Defendant Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to

Page 15 of 21

Plaintiff's request for their consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a *Consumer*, all of the information in their file at the time of the request.

117.    Specifically, Defendant Equifax disclosed an account reported by Portfolio without disclosing the full account number or the name of the *Original Creditor* to the Plaintiff.

118.    Defendant Equifax knowingly provided inaccurate information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

119.    Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Equifax's failure to correct the credit report pertaining to Plaintiff.

120.    Defendant Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit report and files and failures in its investigation of Plaintiff's Dispute.

121.    Defendant Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccurate and/or incomplete credit information after a reasonable request by Plaintiff; [c] the failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate and/or incomplete; [d] the continual placement of inaccurate and/or incomplete information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate and/or incomplete; [e] the failure to promptly delete information that was found to be inaccurate, incomplete, could not be verified, or that the source of information had advised Defendant Equifax to delete; [f] the failure to take adequate steps to verify information Defendant Equifax had reason

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

to believe was inaccurate before including it in the credit report of the consumer; and [g] the failure to provide the named original creditor for a debt collection account.

122. The conduct, action, and inaction of Defendant Equifax was willful, thereby rendering Defendant Equifax liable for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

123. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

124. As a result of the conduct, action, and inaction, of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

WHEREFORE, Plaintiff, respectfully requests this Court to enter judgment against Defendant Equifax, awarding Plaintiff the following relief:

a. The greater of Plaintiff's actual damages and statutory damages of $1,000 per incident, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant 15 U.S.C. § 1681n(a)(2);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d. Such other relief that this Court deems just and proper.

## COUNT 2
## EQUIFAX'S NEGLIGENT VIOLATIONS OF THE FCRA

125. Plaintiff adopts and incorporates paragraphs 1-93 as if fully states herein.

126. Defendant Equifax owed Plaintiff a legal duty to follow reasonable procedures to assure maximum possible accuracy of information in reports it sold regarding Plaintiff, pursuant to 15 U.S.C. § 1681e(b).

127.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax breached their duty, pursuant to 15 U.S.C. § 1681e(b) by selling reports regarding Plaintiff including the inaccurate, incomplete and/or unverified disputed information.

128.    Defendant Equifax owed Plaintiff a legal duty to conduct a reasonable reinvestigation with respect to the disputed information, pursuant to 15 U.S.C. § 1681i(a)(1)(A).

129.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax breached their duty, pursuant to 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

130.    Defendant Equifax owed Plaintiff a legal duty to review and consider all relevant information submitted by the consumer with respect to the disputed information, pursuant to 15 U.S.C. § 1681i(a)(4).

131.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax breached their duty, pursuant to 15 U.S.C. § 1681i(a)(4) by failing to consider and review all information submitted by Plaintiff regarding the disputed information.

132.    Defendant Equifax owed Plaintiff a legal duty to delete inaccurate, incomplete or unverified information, pursuant to 15 U.S.C. § 1681i(a)(5).

133.    On at least one occasion, by example only and without limitation, Defendant Equifax breached their duty, pursuant to 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate, incomplete or unverified information from Plaintiff's credit report.

134.    Defendant Equifax owed Plaintiff a legal duty to clearly and accurately disclose to Plaintiff all information in Plaintiff's consumer's file at the time of the request, pursuant to 15 U.S.C. § 1681g(a)(1).

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

135.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to the Plaintiff all information in the Plaintiff's consumer file at the time of the request.

136.    Defendant Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for their consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a *Consumer*, all of the information in their file at the time of the request.

137.    Specifically, Defendant Equifax disclosed an account reported by Portfolio without disclosing the full account number or the name of the *Original Creditors* to the Plaintiff.

138.    Defendant Equifax has a legal duty to provide the consumer with a clear and accurate disclosure of all information within its file at the time of the consumer's request.

139.    Defendant Equifax breached this duty when Equifax disclosed the account reported by Portfolio without disclosing the full account number or name of the *Original Creditor.*

140.    Defendant Equifax has negligently failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccurate and/or incomplete credit information after a reasonable request by Plaintiff; [c] the failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate and/or incomplete; [d] the continual placement of inaccurate and/or incomplete information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate and/or incomplete; [e] the failure to promptly delete information that was found to be inaccurate, incomplete, could not be verified, or that the source of information had advised Defendant Equifax to delete; and [f] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

inaccurate before including it in the credit report of the consumer.

141. The conduct, action, and inaction, of Defendant Equifax was negligent noncompliance, thereby rendering Defendant Equifax liable for actual damages pursuant to 15 U.S.C. § 1681o.

142. Plaintiff is entitled to recover costs and reasonable attorney's fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

143. As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

WHEREFORE, Plaintiff, respectfully requests this Court to enter judgment against Defendant Equifax, awarding Plaintiff the following relief:

a.   Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c.   Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

144. Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 9, 2025.

Respectfully Submitted,

*/s/ Samantha Wood*

**ETHAN B. BABB, ESQ.**
Florida Bar No. 127488
Email: ebabb@babblaw.com
Secondary: kschofield@babblaw.com
**SAMANTHA R. WOOD, ESQ.**
Florida Bar. No. 1003177
Email: swood@babblaw.com
Secondary: kschofield@babblaw.com
                cthompson@babblaw.com

Page 20 of 21

E-Service: eservice@babblaw.com
**ETHAN BABB LAW FIRM**
6013 Farcenda Place, Suite 101
Melbourne, FL 32940
Phone: (321) 529-2222
Fax: (321) 529-2929
*Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST

A. Plaintiff's Redacted Dispute Letter to Equifax, March 30, 2025.
B. Plaintiff's June 10, 2025 Redacted Credit Report.
C. FTC Opinion Letter.
D. Credit Reporting Resource Guide, Original Name Excerpt.

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

**EXHIBIT "A"**

March 30, 2025

Equifax Information Services, LLC
P.O. Box 740241
Atlanta, GA 30374

Dear Sir or Madam,

I require my complete file disclosure, and you must only report details about me that are 100% true and complete. I do not want you to report anything incomplete, inaccurate or inconsistent.

I have reviewed my Equifax credit report which I have obtained from your credit reporting agency and the **Equifax Report Confirmation Number is 5576949694** I have found out that in my credit report there is some information which is incomplete, inaccurate or inconsistent.

I am disputing the information which I believe is not true or incomplete, inaccurate or inconsistent information you have on my credit report and I want you to investigate inaccurate, incomplete, not authenticated or no longer valid information related to my personal information. This will ensure that you maintain only accurate information about me, reducing the likelihood of identity theft or a mixed file. I appreciate your efforts to retain the following correct details on my record:

The information listed below is the only accurate personal data you should have on record. Please delete any other information.

My **name**: Johntavia Latrice Carter
My **date of birth**: ▮▮▮▮▮▮▮
My **Social Security Number**: ▮▮▮▮▮▮▮
My **correct address**: 955 53rd St E Apt 1125 Bradenton, FL 34208
My **phone number**: ▮▮▮▮▮▮▮

I am requesting that you and the furnisher conduct a thorough investigation of the account I am disputing. Please forward a copy of this letter to the furnisher and ensure that both you and the furnisher comply with the law by performing a proper investigation. I am not asking for this request to be ignored or for you to send generic responses. I take the accuracy of my credit reports seriously, and it is essential that all information is correct, complete, and fully verified. My reports contain contradictory, incomplete, and incorrect information that cannot be verified. Whether these errors come from the furnisher providing inaccurate data or from your reporting, it is now your responsibility to fix them. To assist your review, I have included marked-up copies of my credit reports, clearly highlighting the disputed items with brief explanations. These errors should be obvious to both you and the furnisher. I expect every account to be 100% accurate, complete, and verifiable. If the account does not meet these standards must be deleted immediately.

I am requesting a **thorough and proper investigation** of **the account** listed below, including **each error** or **missing data** I point out in this letter and the marked-up pages of my credit report. I will clearly identify the account and specify what I believe is wrong.

You will find **incomplete, contradictory**, and **inaccurate** information—each of which must be corrected. If you cannot make the information **100% accurate, complete, and verifiable**, the entire account must be deleted.

For your convenience, I have included **all relevant pages** from my credit report to help you identify the account and errors. Additionally, as you investigate, if you find any other inaccurate, incomplete, or unverifiable information, I expect you to correct or delete it.

I also request a **full file disclosure**—do not withhold any information. For your reference, I have enclosed my **ID, proof of address, SSN** and **marked-up pages** from my credit report.

After completing your investigation, please provide me with the results and a full copy of my file, including all information you have on me. This should include all inquiries (both hard and soft pulls) with their purpose and copies of certifications from users of my report. As required under **FCRA §1681g**, disclose all sources of information and identify anyone who accessed my report. Additionally, under **FCRA §1681i**, provide a description of the procedures used to investigate the disputed account, including the business name, address, and phone number of any furnisher contacted.

For the account I have disputed, please include my 100-word "Consumer Statement" on the account if you do not delete.

I am deeply frustrated with the inaccuracies and inconsistencies related to this account. The information is incorrect, incomplete, and does not belong to me. Despite submitting a detailed dispute, Equifax has refused to correct or delete the errors. This account is outdated and misrepresents my credit history and financial standing.

I urge anyone reviewing my report to disregard this account, as it does not accurately reflect my creditworthiness. I am committed to ensuring my report is fair, accurate, and complete.

Please do not ignore this letter or refuse to conduct a thorough investigation. Under *Section 1681i(a)* of the Fair Credit Reporting Act, you are required to investigate disputed information and ensure that only 100% accurate, verifiable, and complete information is reported. Any information that is inaccurate, incomplete, or cannot be verified must be promptly deleted from my file. I have enclosed my **ID, proof of address, SSN** and **marked-up pages** from my credit report.

I am sending this letter personally, not through a credit repair company. I am using a certified digital mailing service for convenience, so please do not reject it due to the postmark location.

I request a thorough investigation of the disputed items and a complete file disclosure, as required by law.

I have included proof of my identity, pages from my **Equifax Report Confirmation (No. 5576949694)**, and my signature. If you have any concerns about its authenticity, feel free to contact me via email.

Thank you.

Johntavia Latrice Carter
DOB: ████████
Social Security Number: ████████
955 53rd St E Apt 1125 Bradenton, FL 34208

████████

---

**Account Name:** CAPITAL ONE BANK USA NA
**Account Number:** xxxxxxxxxxxx 4142
**Status:** CHARGE_OFF
**Balance:** $662
**Date Opened:** Feb 17, 2024
**Account Type:** REVOLVING

You say the account is Closed but under Account Details the Date Closed is blank. Which is correct? If the account is closed, what is the date? Make my account accurate and complete or delete the account.

The Creditor Classification for this account is Unknown. Why don't you know what kind of creditor is associated with this account?

The Payment History does not reflect the Delinquency First Reported properly—it says it is No Data Available.

Under the Account Details, the Scheduled Payment Amount is blank. Why does it say that the Scheduled Payment Amount for this account is blank? How can that be true? If it's a Charge off account, then the Scheduled Payment Amount must be $0, correct? Make my account accurate and complete or delete the account.

There is a Date of Last Payment (Feb 2025) listed on my account, but the Actual Payment Amount is blank, which makes no sense. Also, the Payment History does not reflect the Date of Last Payment properly—it says it is No Data Available.

The Date Reported (Feb 18, 2025) is showing No Data Available in Payment History for This Account. Why is that? Make my account accurate and complete or delete the account.

The Date Opened (Feb 17, 2024) does not match the Payment History chart (Mar 2024).

You have nothing listed for the High Credit. How is that possible? Isn't the High Credit the highest amount owed on this account? It would seem it must be more than zero, right? Do you know what the amount is? Make this complete and accurate or delete this account.

There is a Credit Limit ($500) on this account even though it is listed as CHARGE OFF and CLOSED.

My account shows a credit limit of $500, but Available Credit is -$162.

This account has a Negative Available Credit of -$162. How is that possible?

Under the Account Details, the Date of Last Activity is blank. Why does it say that the Date of Last Activity for this account is blank? How can that be true? Make my account accurate and complete or delete the account.

The Months Reviewed (11) listed in Account Details does not match with the number of months reviewed in the Payment History Chart (10).

The Activity Designator for this account does not match the data in the Activity Designator chart. The Activity Designator is CLOSED but the Activity Designator chart is Missing.

Under the Account Details, the Deferred Payment Start Date is blank. Why is this information missing? How can that be true? Make my account accurate and complete or delete the account.

The Account Balance ($662) does not match what's showing in the Balance Section of Account History (Missing).

My credit report says "The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax."—but there are NO tables below that show that for this account.

The account status for this account (CHARGE_OFF) does not match what's showing in the Payment History (150 Days Past Due).

There is missing data in the charts for this account.

- The Balance, Available Credit, Scheduled Payment, Actual Payment, High Credit, Credit Limit, Amount Past Due and Activity Designator chart for 2024 is missing data for February, March, April, May, June, July, August, September, October, November and December.

- The Balance, Available Credit, Scheduled Payment, Actual Payment, High Credit, Credit Limit, Amount Past Due and Activity Designator chart for 2025 is missing data for January and February.

- The Payment History chart for 2024 is missing data for February.

- The Payment History chart for 2025 is missing data for January and February.





# Wells Fargo Everyday Checking

March 5, 2025 ▪ Page 1 of 5



Johntavia Carter
955 53rd St E Apt 1125
Bradenton, FL 34208

## Questions?

*Available by phone 24 hours a day, 7 days a week:
Telecommunications Relay Services calls accepted*

**1-800-742-4932**

*TTY: 1-800-877-4833*
*En español: 1-877-727-2932*

華語 1-800-288-2288  *(6 am to 7 pm PT, M-F)*

*Online: wellsfargo.com*

*Write: Wells Fargo Bank, N.A. (377)*
P.O. Box 6995
Portland, OR 97228-6995

## You and Wells Fargo

Thank you for being a loyal Wells Fargo customer. We value your trust in our company and look forward to continuing to serve you with your financial needs.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com or call the number above if you have questions or if you would like to add new services.*

| | | | |
|---|---|---|---|
| Online Banking | ☑ | Direct Deposit | ☑ |
| Online Bill Pay | ☑ | Auto Transfer/Payment | ☐ |
| Online Statements | ☑ | Overdraft Protection | ☐ |
| Mobile Banking | ☑ | Debit Card | ☑ |
| My Spending Report | ☑ | Overdraft Service | ☐ |

## Activity summary

| | |
|---|---|
| Beginning balance on 2/1 | $5,471.20 |
| Deposits/Additions | 3,120.36 |
| Withdrawals/Subtractions | 4,725.44 |
| Ending balance on 3/1 | $3,866.12 |

Account number: ▮▮▮▮▮▮▮▮
JOHNTAVIA CARTER

FLORIDA account terms and conditions apply

For Direct Deposit use
Routing Number (RTN): 1▮▮▮▮▮▮▮▮

## Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements, please call the number listed on your statement or visit your Wells Fargo store.

(377)
Sheet Seq = 0023532
Sheet 00001 of 00003



# CREDIT REPORT

---

## JOHNTAVIA CARTER

Report Confirmation

5576949694



## Dear JOHNTAVIA CARTER:

Thank you for requesting your Equifax credit report. Your credit report contains information received primarily from companies which have granted you credit. Great care has been taken to report this information correctly. Please help us in achieving even greater accuracy by reviewing all of the enclosed material carefully.

If there are items you believe to be incorrect, you may

- Initiate an investigation request via the Internet 24 hours a day, 7 days a week at:
  **https://www.equifax.com/personal/credit-report-services/credit-dispute/**

- Please mail the dispute information to:
  > **Equifax Information Services LLC**
  > **P.O. Box 740241**
  > **Atlanta, GA 30374**

- Call us at **866-349-5186**

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

You have the right to request and obtain a copy of your credit score. To obtain a copy of your credit score, please call our automated ordering system at: **1-877-SCORE-11.**

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

## 2.3 CAPITAL ONE BANK USA NA (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | xxxxxxxxxxxx 4142 | Reported Balance | $662 |
|---|---|---|---|
| Account Status | CHARGE_OFF | Available Credit | -$162 |

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

### Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | | | | | | | | | | | | |
| 2024 | | | ✔ | ✔ | ✔ | ✔ | 30 | 60 | 90 | 120 | 150 | 150 |

| | | | | |
|---|---|---|---|---|
| ✔ Paid on Time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due | 120 120 Days Past Due |
| 150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender | F Foreclosure | C Collection Account |
| CO Charge-Off | B Included in Bankruptcy | R Repossession | TN Too New to Rate | No Data Available |

### Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| High Credit | | Payment Responsibility | INDIVIDUAL |
|---|---|---|---|
| Credit Limit | $500 | Account Type | REVOLVING |
| Terms Frequency | MONTHLY | Term Duration | |
| Balance | $662 | Date Opened | Feb 17, 2024 |
| Amount Past Due | $662 | Date Reported | Feb 18, 2025 |
| Actual Payment Amount | | Date of Last Payment | Feb 2025 |
| Date of Last Activity | | Scheduled Payment Amount | |
| Months Reviewed | 11 | Delinquency First Reported | Feb 2025 |



"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

| Activity Designator | CLOSED |
|---|---|
| Deferred Payment Start Date | |
| Balloon Payment Date | |
| Loan Type | Credit Card |
| Date of First Delinquency | Jul 07, 2024 |

| Creditor Classification | UNKNOWN |
|---|---|
| Charge Off Amount | $691 |
| Balloon Payment Amount | |
| Date Closed | |

## Comments

Charged off account

Account closed by credit grantor

## Contact

CAPITAL ONE BANK USA NA
PO BOX 31293
Salt Lake City, UT  84131-1293
(800) 955-7070

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

# 7. Personal Information

Creditors use your personal information primarily to identify you. This information has no impact on your credit score.

## Identification

Identification is the information in your credit file that indicates your current identification as reported to Equifax. It does not affect your credit score or rating.

**Name**                                                                                    JOHNTAVIA CARTER

**Formerly known as**

**Social Security Number**                                                                  ███████

**Age or Date of Birth**                                                                     ███████

## Other Identification

You currently do not have any Other Identifications in your file.

## Alert Contact Information

You currently do not have any Alert Contacts in your file.

## Contact Information

Contact information is the information in your credit file that indicates your former and current addresses as reported to Equifax. It does not affect your credit score or rating.

| Address | Status | Date Reported |
| --- | --- | --- |
| 955 53RD ST E<br>BRADENTON, FL  34208 | Current | Mar 03, 2025 |
| 5300 DURANGO AVE<br>SARASOTA, FL  34235 | Former | Jun 18, 2021 |
| 1775 GREGG CT<br>SARASOTA, FL  34234 | Former | Mar 06, 2025 |

## Employment History

Employment history is the information in your credit file that indicates your current and former employment as reported to Equifax. It does not affect your credit score or rating.

You currently do not have any Employment History in your file.



*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la*
*Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.*

# 12. A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under FCRA. **For more information, including information about additional rights, go to** www.consumerfinance.gov/learnmore **or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:

  - o   a person has taken adverse action against you because of information in your credit report;

  - o   you are the victim of identity theft and place a fraud alert in your file;

  - o   your file contains inaccurate information as a result of fraud;

  - o   you are on public assistance;

  - o   you are unemployed but expect to apply for employment within 60 days.

In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete, or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address form the lists these offers are based on. You may opt out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

- The following FCRA right applies with respect to nationwide consumer reporting agencies:

## CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE

**You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization.** The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.
- **Identity theft victims and active duty military personnel have additional rights.** For more information, www.consumerfinance.gov/learnmore

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact (see next page):**

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

**EXHIBIT "B"**



Credit Report

Date: June 10, 2025
Confirmation # 5161567427

Prepared for:

# JOHNTAVIA CARTER

## *DID YOU KNOW?*

*If you find something in your report that looks like a mistake, contact us at **equifax.com/personal/disputes** or call 888-EQUIFAX (888-378-4329) to start a new dispute or check the status of your dispute.*

*There are many types of consumer reporting agencies, including credit bureaus and specialty agencies. A list can be found by accessing the CFPB's website at: **consumerfinance.gov/consumer-tools/credit-reports-and-scores/consumer-reporting-companies/companies-list** Looking for telecommunications, pay TV, and utility data? That information is maintained by a different company, the National Consumer Telecom and Utilities Exchange (NCTUE), and can be accessed at: **nctue.com/consumer***

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

Prepared for:

## JOHNTAVIA CARTER

**EQUIFAX**

Date: June 10, 2025
Confirmation # 5161567427

# An Overview of Your Credit Report

Your credit report provides different types of information, including:

## Personal Information

This section includes your name (including any former names), current and previous addresses and phone numbers, employment data, Social Security number, and birthdate. Personal information is provided by you or your lenders and creditors. While this information is not used to calculate credit scores it is important to check for typos and any unfamiliar information.

## Consumer File Notices

Notices on your credit report can include fraud and active duty alerts, security freezes or locks, and opt-outs of receiving prescreened offers of credit or insurance. You can also choose to add a consumer statement to your credit report to provide an explanation for why you missed a payment or why you believe something is being reported incorrectly. For more information on these consumer added notices **visit equifax.com/personal/help/.**

## Account Information

Your credit report can include all types of credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open lines of credit. When reviewing your account information, make sure accounts listed belong to you and look for the following:

- **Account Status:** See if an account is open, closed, paid on time, or past due. Closed accounts should have no money owed.
- **Payment History:** Check if you made payments on time for each account. Paying on time helps your credit, while late or missed payments hurt it. Payment history is provided, where available, for each account. To view up to 24 months of your historical payment and balance data, log in to your 'myEquifax' account at www.myequifax.com.
- **Credit Limits and Balances:** Look at the credit limits on credit cards and compare them to what you owe. It's better to keep the balance low compared to the limit. This helps improve your credit.
- **Account Types:** Notice the different kinds of credit accounts you have (like credit cards, loans, mortgages). Having a mix of account types is good for your credit.

## Negative Information (Collections and Bankruptcy Public Records)

Be aware of any negative details such as late payments, debts that were given up on, or money owed to collections. Bankruptcies may also be shown on your credit report. These negative items can hurt your credit score. If there's something there, make sure it's correct and up to date.

## Inquiries

This section shows who accessed your credit report and when. Too many hard inquiries can negatively impact your credit score and any unfamiliar inquiries may be a sign of identity theft.

**If you find information you believe to be incorrect, you may visit us at equifax.com/personal/disputes or call us at 888-EQUIFAX (888-378-4329) to submit a dispute.** You may also mail your dispute request to: Equifax | PO Box 740241 | Atlanta, GA 30374

Note: When you provide documents to Equifax as part of your dispute, including a letter, the documents may be submitted to one or more companies whose information are the subject of your dispute.

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

Prepared for:
# JOHNTAVIA CARTER

**EQUIFAX**

Date: June 10, 2025
Confirmation # 5161567427

# Your Credit Report

## Summary

A quick view of key information contained in your Equifax Credit Report.

| | |
|---|---|
| **Report Date** | June 10, 2025 |
| **Average Account Age** | 2 Years, 1 Months |
| **Length of Credit History** | 4 Years, 1 Months |
| **Oldest Account** | KIKOFF LENDING, LLC \| May 2021 |
| **Most Recent Account** | PORTFOLIO RECOVERY ASSOCIATES \| December 2024 |

# Personal Information

Creditors use your personal information to identify you. This information has **no impact** on your credit score.



### JOHNTAVIA CARTER

955 53RD ST E, BRADENTON, FL 34208
Social Security Number: ▓▓▓▓▓▓
Date of Birth: ▓▓▓▓▓

**Former Name(s):**
None

**Employment Information:**
None

**Consumer File Notices:**
None

**Former Address(es):**
5300 DURANGO AVE, SARASOTA, FL 34235

**Former Phone Number(s):**
None

**Consumer Statement**
No Statement on file.



Prepared for:

# JOHNTAVIA CARTER

Date: June 10, 2025
Confirmation # 5161567427

# Credit Accounts

This includes all types of credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open lines of credit.

 **NAVY FEDERAL CREDIT UNION**

PO Box 3700, Attn: Cbr Disputes, Merrifield, VA  221193700 | (888) 842-6328
Account Number: **\*2426** | Owner: **Individual Account**          Date Reported: **05/31/2025** | Balance: **$33,824**
Loan/Account Type: **Auto** | Status: **Pays As Agreed**          Credit Limit: ≈ | High Credit: **$32,682**

| | | | |
|---|---|---|---|
| Date Opened: **02/02/2024** | Date of 1st Delinquency: ≈ | Terms Frequency: **Monthly** | |
| Date of Last Activity: **05/31/2025** | Date Major Delinquency 1st Reported: ≈ | Months Reviewed: **15** | |
| Scheduled Payment Amount: **$581** | Amount Past Due: ≈ | Deferred Payment Start Date: ≈ | |
| Actual Payment Amount: ≈ | Charge Off Amount: ≈ | Balloon Payment Amount: ≈ | |
| Date of Last Payment: **04/25/2025** | Date Closed: ≈ | Balloon Payment Date: ≈ | |
| Term Duration: **103 Months** | Activity Designator: ≈ | Narrative Code(s): **214, 132** | |

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | ≈ | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 04/25 | $33,425 | $581 | $481 | 04/25/2025 | ≈ | $32,682 | ≈ | 214, 132 |
| 03/25 | $33,492 | $581 | $100 | 03/31/2025 | ≈ | $32,682 | ≈ | 214, 132 |
| 02/25 | $33,166 | $581 | $581 | 02/26/2025 | ≈ | $32,682 | ≈ | 214, 132 |
| 01/25 | $33,388 | $581 | $1,095 | 01/28/2025 | ≈ | $32,682 | ≈ | 214, 132 |
| 12/24 | $34,085 | $581 | $68 | 12/30/2024 | ≈ | $32,682 | ≈ | 214, 132 |
| 11/24 | $33,727 | $581 | $313 | 11/19/2024 | ≈ | $32,682 | ≈ | 214, 132 |
| 10/24 | $33,657 | $581 | $150 | 10/15/2024 | ≈ | $32,682 | ≈ | 214, 132 |
| 09/24 | $33,410 | $581 | $103 | 09/30/2024 | ≈ | $32,682 | ≈ | 214, 132 |
| 08/24 | $33,101 | $581 | ≈ | 07/31/2024 | ≈ | $32,682 | ≈ | 214, 132 |
| 07/24 | $32,705 | $581 | $14 | 07/31/2024 | ≈ | $32,682 | ≈ | 214, 132 |
| 06/24 | $32,295 | $581 | $581 | 06/20/2024 | ≈ | $32,682 | ≈ | 214, 132 |
| 05/24 | $32,492 | $581 | $581 | 05/20/2024 | ≈ | $32,682 | ≈ | 214, 132 |
| 04/24 | $32,674 | $581 | $581 | 04/19/2024 | ≈ | $32,682 | ≈ | 214, 132 |
| 03/24 | $32,867 | $581 | $581 | 03/18/2024 | ≈ | $32,682 | ≈ | 214, 132 |
| 02/24 | $33,046 | $581 | ≈ | ≈ | ≈ | $32,682 | ≈ | 132, 214 |

| Narrative Code | Narrative Code Description |
|---|---|
| 214 | Auto |
| 132 | Fixed Rate |

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

Prepared for:

# JOHNTAVIA CARTER

**EQUIFAX**

Date: June 10, 2025
Confirmation # 5161567427



## NAVY FEDERAL CREDIT UNION

PO Box 3700, Attn Cbr Disputes, Merrifield, VA  221193700 | (888) 842-6328

| | |
|---|---|
| Account Number: **\*6886** | Owner: **Individual Account** | Date Reported: **05/22/2025** | Balance: **$2,049** |
| Loan/Account Type: **Credit Card** | Status: **Pays As Agreed** | Credit Limit: **$2,000** | High Credit: **$2,101** |

| | | |
|---|---|---|
| Date Opened: **01/28/2022** | Date of 1st Delinquency: ≈ | Terms Frequency: **Monthly** |
| Date of Last Activity: **05/22/2025** | Date Major Delinquency 1st Reported: ≈ | Months Reviewed: **39** |
| Scheduled Payment Amount: **$50** | Amount Past Due: ≈ | Deferred Payment Start Date: ≈ |
| Actual Payment Amount: **$20** | Charge Off Amount: ≈ | Balloon Payment Amount: ≈ |
| Date of Last Payment: **05/09/2025** | Date Closed: ≈ | Balloon Payment Date: ≈ |
| Term Duration: ≈ | Activity Designator: ≈ | Narrative Code(s): **002** |

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2023 | | | | | | | | | | | | |
| 2022 | | | | | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | ≈ | No Data Available |

### 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 04/25 | $2,019 | $20 | ≈ | 03/19/2025 | ≈ | $2,101 | $2,000 | 002, 233 |
| 03/25 | $1,976 | $11 | $11 | 03/19/2025 | ≈ | $2,101 | $2,000 | 002, 233 |
| 02/25 | $11 | $52 | $2,313 | 02/15/2025 | ≈ | $2,101 | $2,000 | 002, 233 |
| 01/25 | $2,049 | $51 | $52 | 12/28/2024 | ≈ | $2,101 | $2,000 | 002, 233 |
| 12/24 | $2,071 | $52 | $51 | 11/28/2024 | ≈ | $2,101 | $2,000 | 002, 233 |
| 11/24 | $2,092 | $51 | ≈ | 09/27/2024 | ≈ | $2,101 | $2,000 | 002, 233 |
| 10/24 | $2,060 | $51 | $71 | 09/27/2024 | ≈ | $2,101 | $2,000 | 002, 233 |
| 09/24 | $2,101 | $71 | ≈ | 07/03/2024 | ≈ | $2,101 | $2,000 | 002, 233 |
| 08/24 | $2,070 | $69 | ≈ | 07/03/2024 | ≈ | $2,070 | $2,000 | 002, 233 |
| 07/24 | $2,020 | $69 | $48 | 07/03/2024 | ≈ | $2,054 | $2,000 | 002, 233 |
| 06/24 | $2,019 | $48 | $40 | 06/05/2024 | ≈ | $2,054 | $2,000 | 002, 233 |
| 05/24 | $2,009 | $40 | ≈ | 04/19/2024 | ≈ | $2,054 | $2,000 | 002, 233 |
| 04/24 | $1,867 | $20 | $20 | 04/19/2024 | ≈ | $2,054 | $2,000 | 002, 233 |
| 03/24 | $673 | ≈ | $200 | 03/12/2024 | ≈ | $2,054 | $2,000 | 002, 233 |
| 02/24 | $0 | $28 | $1,495 | 02/18/2024 | ≈ | $2,054 | $2,000 | 002, 233 |
| 01/24 | $887 | $49 | $1,100 | 01/18/2024 | ≈ | $2,054 | $2,000 | 002, 233 |
| 12/23 | $1,960 | $49 | $69 | 12/05/2023 | ≈ | $2,054 | $2,000 | 002, 233 |
| 11/23 | $1,973 | $69 | $49 | 10/27/2023 | ≈ | $2,054 | $2,000 | 002, 233 |
| 10/23 | $1,993 | $49 | $49 | 10/03/2023 | ≈ | $2,054 | $2,000 | 002, 233 |
| 09/23 | $1,993 | $49 | ≈ | 08/19/2023 | ≈ | $2,054 | $2,000 | 002, 233 |
| 08/23 | $1,957 | $49 | $50 | 08/19/2023 | ≈ | $2,054 | $2,000 | 002, 233 |
| 07/23 | $1,971 | $49 | $50 | 07/14/2023 | ≈ | $2,054 | $2,000 | 002, 233 |
| 06/23 | $1,984 | $50 | $99 | 06/15/2023 | ≈ | $2,054 | $2,000 | 002, 233 |

| Narrative Code | Narrative Code Description |
|---|---|
| 002 | Credit Card |
| 233 | Amount in High Credit Column is Credit Limit |

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT



**EQUIFAX**

Prepared for:

# JOHNTAVIA CARTER

Date: June 10, 2025
Confirmation # 5161567427

## PORTFOLIO RECOVERY ASSOCIATES - Closed

Riverside Commerce Center, Norfolk, VA  235024962 | (800) 772-1413

| | |
|---|---|
| Account Number: **\*4379** \| Owner: **Individual Account** | Date Reported: **05/16/2025** \| Balance: **$835** |
| Loan/Account Type: **Debt Buyer Account** \| Status: ≈ | Credit Limit: ≈ \| High Credit: **$835** |

Date Opened: **12/17/2024**
Date of Last Activity: ≈
Scheduled Payment Amount: ≈
Actual Payment Amount: ≈
Date of Last Payment: ≈
Term Duration: ≈

Date of 1st Delinquency: **05/13/2024**
Date Major Delinquency 1st Reported: **05/16/2025**
Amount Past Due: **$835**
Charge Off Amount: ≈
Date Closed: ≈
Activity Designator: ≈

Terms Frequency: ≈
Months Reviewed: **0**
Deferred Payment Start Date: ≈
Balloon Payment Amount: ≈
Balloon Payment Date: ≈
Narrative Code(s): **057**

| Narrative Code | Narrative Code Description |
|---|---|
| 057 | Collection Account |

## CAPITAL ONE BANK USA NA - Closed

PO BOX 31293, Salt Lake City, UT  841311293 | (800) 955-7070

| | |
|---|---|
| Account Number: **\*4142** \| Owner: **Individual Account** | Date Reported: **05/13/2025** \| Balance: **$633** |
| Loan/Account Type: **Credit Card** \| Status: **Charge Off** | Credit Limit: **$500** \| High Credit: **$707** |

Date Opened: **02/17/2024**
Date of Last Activity: ≈
Scheduled Payment Amount: ≈
Actual Payment Amount: ≈
Date of Last Payment: **04/01/2025**
Term Duration: ≈

Date of 1st Delinquency: **07/07/2024**
Date Major Delinquency 1st Reported: **04/21/2025**
Amount Past Due: **$633**
Charge Off Amount: **$691**
Date Closed: ≈
Activity Designator: **Closed**

Terms Frequency: **Monthly**
Months Reviewed: **13**
Deferred Payment Start Date: ≈
Balloon Payment Amount: ≈
Balloon Payment Date: ≈
Narrative Code(s): **067, 065, 002**

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | CO | CO | CO | ≈ | ≈ | ≈ | ≈ | ≈ | ≈ | ≈ | ≈ |
| 2024 | ≈ | ≈ | ≈ | ≈ | ≈ | ≈ | 30 | 60 | 90 | 120 | 150 | 150 |

| | | | | | | |
|---|---|---|---|---|---|---|
| ≈ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | ≈ | No Data Available |

### 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 04/25 | $633 | ≈ | ≈ | 04/01/2025 | $633 | $707 | $500 | 067, 065, 002, 233 |
| 03/25 | $633 | ≈ | ≈ | 03/01/2025 | $633 | $707 | $500 | ≈ |
| 02/25 | $662 | ≈ | ≈ | 02/01/2025 | $662 | $707 | $500 | 067, 065, 002, 233 |
| 12/24 | $674 | $25 | ≈ | 11/15/2024 | $226 | $707 | $500 | 002, 233, 263 |
| 11/24 | $707 | $25 | ≈ | 05/10/2024 | $251 | $707 | $500 | 002, 233, 263 |
| 10/24 | $689 | $25 | ≈ | 05/10/2024 | $226 | $689 | $500 | 002, 233, 262 |
| 09/24 | $672 | $25 | ≈ | 05/10/2024 | $164 | $672 | $500 | 002, 233 |
| 08/24 | $655 | $62 | ≈ | 05/10/2024 | $104 | $655 | $500 | 002, 233 |
| 07/24 | $599 | $60 | ≈ | 05/10/2024 | $46 | $599 | $500 | 002, 233 |
| 06/24 | $544 | $58 | ≈ | 05/10/2024 | ≈ | $544 | $500 | 002, 233 |
| 05/24 | $491 | $46 | ≈ | 05/10/2024 | ≈ | $510 | $500 | 002, 233 |
| 04/24 | $206 | $31 | ≈ | 04/08/2024 | ≈ | $283 | $500 | 002, 233 |

| Narrative Code | Narrative Code Description |
|---|---|
| 067 | Charged Off Account |
| 065 | Account Closed By Credit Grantor |
| 002 | Credit Card |
| 233 | Amount in High Credit Column is Credit Limit |
| 263 | 150 Days Past Due |
| 262 | 120 Days Past Due |

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

Prepared for:
## JOHNTAVIA CARTER

**EQUIFAX**

Date: June 10, 2025
Confirmation # 5161567427



### KIKOFF LENDING, LLC

PO BOX 40070, RENO, NV  89504 | (775) 993-6992
Account Number: **\*XEWO** | Owner: **Individual Account**
Loan/Account Type: **Charge Account** | Status: **Pays As Agreed**

Date Reported: **04/30/2025** | Balance: **$0**
Credit Limit: **$750** | High Credit: **$20**

| | | | |
|---|---|---|---|
| Date Opened: **05/23/2021** | Date of 1st Delinquency: ☒ | | Terms Frequency: **Monthly** |
| Date of Last Activity: **01/30/2023** | Date Major Delinquency 1st Reported: ☒ | | Months Reviewed: **47** |
| Scheduled Payment Amount: ☒ | Amount Past Due: ☒ | | Deferred Payment Start Date: ☒ |
| Actual Payment Amount: ☒ | Charge Off Amount: ☒ | | Balloon Payment Amount: ☒ |
| Date of Last Payment: **01/30/2023** | Date Closed: ☒ | | Balloon Payment Date: ☒ |
| Term Duration: ☒ | Activity Designator: ☒ | | Narrative Code(s): **229** |

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | | | | | | | | | | | | |
| 2021 | | | | | | | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | ☒ | No Data Available |

### 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 03/25 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 02/25 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 01/25 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 12/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 11/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 10/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 09/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 08/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 07/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 06/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 05/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 04/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 03/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 02/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 01/24 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 12/23 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 11/23 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 10/23 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 09/23 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 08/23 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 07/23 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |
| 06/23 | $0 | | | 01/30/2023 | | $20 | $750 | 229, 233 |

| Narrative Code | Narrative Code Description |
|---|---|
| 229 | Charge |
| 233 | Amount in High Credit Column is Credit Limit |

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

Prepared for:

# JOHNTAVIA CARTER



Date: June 10, 2025
Confirmation # 5161567427

## Inquiries

A request for your credit history is called an inquiry. There are two types of inquiries - those that may impact your credit rating/score and those that do not.  They may remain on your file for up to 2 years.

- **Hard Inquiries that can impact your credit rating/score.** When a lender requests to review your credit reports after you've applied for credit, it results in a hard inquiry which may impact your credit score.
- **Soft Inquiries that do not impact your credit rating/score.** These are inquiries, for example, from companies making promotional offers of credit, periodic account reviews by an existing creditor, or your own requests to check your credit file.

| Company Information | Inquiry Type | Inquiry Date(s) |
|---|---|---|
| **CAPITAL ONE BANK USA NA**<br>*15000 CAPITAL ONE DR HENRICO VA 232381119*<br>*Phone: (877) 383-4802* | Hard | 02/17/2024 |
| **CREDIT KARMA, INC.**<br>*760 MARKET ST FL 5 SAN FRAN CA 941022401*<br>*Phone: (510) 833-9776* | Soft | 11/19/2024, 11/12/2024, 11/05/2024, 10/29/2024, 10/22/2024, 10/15/2024, 10/08/2024, 10/01/2024, 09/24/2024, 09/17/2024, 09/10/2024, 09/03/2024, 08/27/2024, 08/20/2024, 08/13/2024, 07/30/2024 |
| **CREDIT KARMA, INC**<br>*760 MARKET ST SAN FRAN CA 941022401*<br>*Phone: (800) 935-0572* | Soft | 04/23/2025, 07/20/2024, 06/18/2024 |
| **EQUIFAX**<br>*PO BOX 740250 ATLANTA GA 30374-0250*<br>*Phone: (678) 795-7622* | Soft | 06/10/2025, 03/17/2025 |
| **EQUIFAX INFO SVCS.**<br>*PO Box 740241 Atlanta GA 303740241*<br>*Phone: (800) 685-1111* | Soft | 04/24/2025, 04/07/2025 |
| **CREDIT KARMA, INC**<br>*760 MARKET ST SAN FRAN CA 941022401*<br>*Phone: (510) 833-9776* | Soft | 06/04/2025, 08/06/2024, 07/03/2024 |
| **EQUIFAX CONSUMER SERVICES**<br>*1550 PEACHTREE ST NW ATLANTA GA 30309*<br>*Phone:* | Soft | 11/10/2024 |
| **TRANSUNION INTERACTIVE INC**<br>*100 CROSS ST STE 202 SAN LUIS OBISPO CA 93401*<br>*Phone:* | Soft | 03/03/2025 |
| **LENDMARK FINANCIAL SERVICES,**<br>*2118 USHER ST NW COVINGTON GA 30014-2434*<br>*Phone: (678) 625-8204* | Soft | 07/19/2023 |
| **CAPITAL ONE NTL ASSOC**<br>*11013 W Broad St Glen Allen VA 230606017*<br>*Phone: (800) 955-7070* | Soft | 04/29/2025, 07/18/2024 |

Prepared for:

# JOHNTAVIA CARTER

**EQUIFAX**

Date: June 10, 2025
Confirmation # 5161567427

# Inquiries

A request for your credit history is called an inquiry. There are two types of inquiries - those that may impact your credit rating/score and those that do not.

| Company Information | Inquiry Type | Inquiry Date(s) |
|---|---|---|
| **PROGRESSIVE INSURANCE**<br>*300 N Commons Blvd Datalab Mayfield Village*<br>*OH 441431589*<br>*Phone: (800) 288-6776* | Soft | 11/19/2024, 07/23/2024 |
| **EQUIFAX INFO SVCS.**<br>*PO Box 740241 Atlanta GA 303740241*<br>*Phone: (800) 685-1111* | Soft | 04/24/2025 |
| **NAVY FCU**<br>*820 FOLLIN LN SE VIENNA VA 22180*<br>*Phone:* | Soft | 06/03/2025 |
| **EQUIFAX - TALX**<br>*11432 LACKLAND RD SAINT LOUIS MO*<br>*63146-3516*<br>*Phone: (314) 214-7204* | Soft | 06/10/2025 |

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

Prepared for:

# JOHNTAVIA CARTER

**EQUIFAX**

Date: June 10, 2025
Confirmation # 5161567427

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552.*

## A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:

  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your creditworthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete, or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

Prepared for:
# JOHNTAVIA CARTER

**EQUIFAX**

Date: June 10, 2025
Confirmation # 5161567427

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).

- The following FCRA right applies with respect to nationwide consumer reporting agencies:

## CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE

**You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization.** The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

Prepared for:

# JOHNTAVIA CARTER

**EQUIFAX**

Date: June 10, 2025
Confirmation # 5161567427

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a.  Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates.<br><br>b.  Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a.  Consumer Financial Protection Bureau<br>1700 G Street, NW<br>Washington, DC 20552<br><br>b.  Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>(877) 382-4357 |
| 2.  To the extent not included in item 1 above:<br><br>a.  National banks, federal savings associations, and  federal branches and federal agencies of foreign banks<br><br>b.  State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act.<br><br>c.  Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations<br><br>d.  Federal Credit Unions | a.  Office of the Comptroller of the Currency<br>Customer Assistance Group<br>P.O. Box 53570<br>Houston, TX 77052<br><br>b.  Federal Reserve Consumer Help Center<br>P.O. Box 1200<br>Minneapolis, MN 55480<br><br>c.  Division of Depositor and Consumer Protection<br>National Center for Consumer and Depositor Assistance<br>Federal Deposit Insurance Corporation<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106<br><br>d.  National Credit Union Administration<br>Office of Consumer Financial Protection<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3.  Air carriers | Assistant General Counsel for Office of Aviation Consumer Protection<br>Department of Transportation<br>1200 New Jersey Avenue SE<br>Washington, DC 20590 |
| 4.  Creditors Subject to the Surface Transportation Board | Office of Public Assistance, Governmental Affairs, and Compliance<br>Surface Transportation Board<br>395 E Street SW<br>Washington, DC 20423 |
| 5.  Creditors Subject to the Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Division Regional Office |
| 6.  Small Business Investment Companies | Associate Administrator, Office of Capital Access<br>United States Small Business Association<br>409 Third Street SW, Suite 8200<br>Washington, DC 20416 |
| 7.  Brokers and Dealers | Securities and Exchange Commission<br>100 F Street NE<br>Washington, DC 20549 |
| 8.  Institutions that are members of the Farm Credit System | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9.  Retailers, Finance Companies, and All Other Creditors Not Listed Above | Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>(877) 382-4357 |

"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

**EXHIBIT "C"**



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

# Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.

Asst. General Counsel

TRANS UNION

555 West Adams Street

Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

2025CC002434AX* 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

# Field Definitions

## K1 Segment
## Original Creditor Name

The K1 Segment must be present each time the account is reported.  The segment is required for collection agencies, debt buyers and check guarantee companies.  This segment may also be reported by student loan guaranty agencies, the U.S. Department of Education, and the U.S. Treasury.

**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.**  Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment.  If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 426 and 366 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier**<br>Contains a constant of **K1**. | 2 | 1-2 | AN |

(continued)

*Copyright 2020 © Consumer Data Industry Association*

# Field Definitions

## K1 Segment
## Original Creditor Name

| FIELD | FIELD NAME & DESCRIPTION | 426 and 366 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 2 | **Original Creditor Name**<br>This field is required and the content is dependent on the type of reporter.<br><br>Collection Agencies: Report the name of the company/creditor, including any partnering affinity name[1], that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies.<br><br>Debt Buyers: Report the name of the company/creditor, including any partnering affinity name[1], that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers.  Refer to the K2 Segment for "purchased from" information.<br><br>Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written.  Refer to Frequently Asked Question 15 for additional guidelines on reporting returned checks.<br><br>Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender.<br><br>U.S. Treasury: Report the name of the government agency that is the original creditor.<br><br>One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer.<br><br>1. Report the name of the institution, but do not include reference to the type of service.  For example, use the hospital name without identifying that it was the psychiatric unit that provided care.  If a hospital's name reveals sensitive information, abbreviate the name.<br><br>2. Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center.<br><br>3. Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy.<br><br>**Note: Encoded information is not acceptable in this field.** | 30 | 3-32 | AN |

(continued)

---

[1] The Affinity Name further identifies or provides linkage detail for the relationship of the original creditor to any connecting or supporting entities (e.g., ABC BANK THE HOME STORE).

CREDIT REPORTING RESOURCE GUIDE®

Copyright 2020 © Consumer Data Industry Association
"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT

# Field Definitions

## K1 Segment
## Original Creditor Name

| FIELD | FIELD NAME & DESCRIPTION | 426 and 366 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 3 | **Creditor Classification**<br>Contains a code which must be reported to indicate the general type of business for the Original Creditor Name.<br><br>Values available:<br><br>01 = Retail<br>02 = Medical/Health Care<br>    *Required when reporting medical debts and returned checks from providers of medical services, products or devices*<br>03 = Oil Company<br>04 = Government<br>05 = Personal Services<br>06 = Insurance<br>07 = Educational<br>08 = Banking<br>09 = Rental/Leasing<br>10 = Utilities<br>11 = Cable/Cellular<br>12 = Financial<br>    (other non-banking financial institutions)<br>13 = Credit Union<br>14 = Automotive<br>15 = Check Guarantee | 2 | 33-34 | N |

**Note: To assist with compliance of the Fair Credit Reporting Act, companies who report medical debts or returned checks for medical purposes must report Creditor Classification '02' to indicate 'Medical/Health Care'. The actual name of the original creditor should continue to be reported in the Original Creditor Name (Field 2).**

*Copyright 2020 © Consumer Data Industry Association*
"2025CC002434AX" 226901932 Filed at Manatee County Clerk 07/09/2025 02:38:59 PM EDT